```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/5/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ANDRE DECKER,

                     Defendant.

20-CR-000104 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Andre Decker ("Defendant") was charged with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 2. (ECF No. 4.) On December 29, 2020, Defendant pled guilty to the sole count in the Indictment (ECF No. 36), and on July 13, 2021, the Court sentenced him to 48 months' imprisonment followed by three years of supervised release, (ECF No. 41.) Presently before the Court is Defendant's motion for compassionate release. (ECF Nos. 42 & 53.) For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

Under Title 18, United States Code, Section 3582, a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Application Notes state that "a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he

or she is not expected to recover.'" *United States v. Hernandez*, 451 F. Supp. 3d 301, 303 (S.D.N.Y. 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with the Commission's policy statement." *Id.* (citing U.S.S.G. § 1B1.13(2)-(3).)

The Section 3582(c)(1)(A) analysis also requires courts to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

### I. Extraordinary and Compelling Circumstances

Defendant avers that he suffers from asthma, hypertension, pericarditis, a swelling and irritation of the membrane surrounding the heart, a lacerated liver from a prior accident, and pre-diabetes, and therefore he has an increased risk for severe infection from COVID-19. (ECF No. 53 at 1.) According to the Centers for Disease Control and Prevention ("CDC"), individuals with "moderate to severe" asthma, hypertension, and diabetes may be at a higher risk for severe illness

from COVID-19. Centers for Disease Control and Prevention, *Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 4, 2022). However, the spread of COVID-19 has decreased significantly. As of April 4, 2022, USP Canaan has zero active inmate cases (out of 1,200 total inmates) and zero active staff cases. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last accessed Apr. 4, 2022).

Further, Defendant was offered, and declined to take, the COVID-19 vaccine twice on April 2, 2021 and September 9, 2021. (ECF No. 55 Exs. A & B.) Generally, where an inmate has failed to receive a vaccine, the court will not find extraordinary and compelling circumstances. *See, e.g., United States v. King*, No. 16-CR-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). Defendant argues that before he was brought to USP Canaan in April of 2021, he was advised by "medical staff" to wait to receive the vaccine as it "was known to cause pericarditis in some people." (ECF No. 53 Ex. A ¶ 14.) Defendant further states that he understands the CDC states that people who receive the mRNA vaccines, created by Pfizer and Moderna, can experience myocarditis or pericarditis. (*Id*.) However, this does not explain why Defendant refused the vaccine created by Johnson & Johnson, which is not an mRNA vaccine. (ECF No. 55 Ex. B at 47.)[1] Further, even with this risk, the CDC still recommends "everyone ages 5 years and older get vaccinated for COVID-19." Centers for Disease Control and Prevention, *Myocarditis and Pericarditis*,

---

[1] The Court reads the Bureau of Prisons Health Services Immunizations document to show that Defendant was offered the Johnson & Johnson COVID-19 vaccine and the Moderna COVID-19 vaccine by Tom Horeis on September 9, 2021 at 10:37 AM, and then offered the Quad-Afluria Influenza vaccine by Kimberly Bucklaw on September 21, 2021 at 9:21 AM. (*Id*.) He refused all three. (*Id*.)

3

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/myocarditis.html (last visited Apr. 4, 2022). Accordingly, Defendant has failed to show extraordinary and compelling circumstances related to his health.

However, Defendant also alleges that while incarcerated at USP Canaan, he has not received the cortical steroid needed to treat his asthma, and his requests to see a cardiologist have gone ignored. (ECF No. 53 at 2-3.) The Court will order the facility to provide Defendant his prescribed medication, and to also provide him access to a cardiologist.

Defendant also avers that his father suffers from early onset dementia and his condition is deteriorating, and his family needs assistance caring for him. (ECF No. 53 at 3.) Although the Court is sympathetic to the impact that Defendant's father's health may have on him and his family, the Court fails to see how this constitutes an "extraordinary and compelling reason" for a sentence reduction. In addition to permitting the Court discretion to consider other reasons, the United States Sentencing Commission has set forth circumstances that may constitute "extraordinary and compelling reasons" including changed family circumstances including "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, comment n.1. Defendant's family circumstances, while very unfortunate, do not appear to be "extraordinary" or "compelling." *See United States v. John*, No. 15 CR 208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 9, 2020) ("Although, the Court has been freed by *Brooker* to consider the myriad of family circumstances that might warrant granting compassionate release, § 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a

family member is incarcerated. Being separated from your wife and children and unavailable to care for aging parents are but two of the sad and inevitable consequences of incarceration.").

Accordingly, Defendant has failed to show extraordinary and compelling circumstances.[2]

## II. Section 3553(a) Factors

Even if Defendant could demonstrate extraordinary and compelling circumstances, the Section 3553(a) factors would nonetheless warrant denial of Defendant's motion. The Court is confident that the sentence imposed—which Defendant has served just over half of—remains necessary to reflect the seriousness of Defendant's offense, to promote respect for the law, and to provide just punishment.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Court Orders USP Canaan to provide Defendant his prescribed asthma medication, and to provide him access to a cardiologist. The Government is directed to serve a copy of this Opinion on the appropriate facility, and to update the Court on or before April 15, 2022. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 42 and 53.

Dated: April 5, 2022
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

---

[2] Additionally, Defendant alleges in his *pro se* motion only that there are "on-going staff-on-inmate sexual abuses" and that he suffered abuse in Westchester County Correctional Facility and Montgomery County Correctional Facility and continues to face retaliation for "speaking out." (ECF 42 at 2.) However, these allegations do not appear to be included in the kinds of extraordinary and compelling reasons the Court may consider. *See United States v. Gray*, No. 2:01-00007-KD-C, 2020 WL 2132948, at * (S.D. Ala. May 4, 2020) (dismissing motion for compassionate release where the defendant alleged physical, mental, and sexual abuse while in custody as she failed to "allege that she is terminally ill, has as serious physical condition or serious functional or cognitive impairment, or that her ability to provide self-care in the facility is diminished because of the aging process.").